# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

VIOLA LEWIS, by and through
JACKIE KIMBER, her Conservator,
for the use and benefit of VIOLA LEWIS                    PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 4:04CV237

DELTA HEALTH GROUP, INC.;
ANGIE WHITTINGTON; SUSAN
PADGETT; JOHN DOES 1 THROUGH
10; AND UNIDENTIFIED ENTITIES
1 THROUGH 10                                          DEFENDANTS

## ORDER

This cause is before the Court on the plaintiff's Motion to Remand [10]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

This cause arises out of a case initially filed in the Circuit Court of Washington County, Mississippi on March 19, 2004. Lewis sought recovery from Delta Health Group, Inc. (hereafter "DHG"), Angie Whittington and Susan Padgett for personal injuries she sustained during her stay at Arnold Avenue Nursing Home in Greenville, Mississippi. Plaintiff served DHG with the summons and complaint y mail on or about July 14, 2004.

DHG removed the action on grounds of diversity on August 13, 2004. Specifically, the defendant alleged in the removal petition that there was complete diversity between plaintiff, a citizen of Mississippi and itself, a corporation organized and existing under the laws of Delaware and having its principal place of business in a state other than Mississippi. DHG further alleged that the individual defendants Angie Whittington and Susan Padgett had been fraudulently joined in an effort to defeat jurisdiction and that the Court should, therefore, disregard their citizenship for

jurisdictional purposes. The removal petition further alleged that the amount in controversy exceeded the jurisdictional threshold for diversity cases. In support thereof, the defendant referenced the allegations of the complaint, her claim for both compensatory and punitive damages, and the amount of the judgment entered in plaintiff's favor in similar case against other defendants based on her stay in the same nursing home.

Plaintiff filed a motion to remand in which she avers that the amount in controversy is less than $75,000 including costs, attorneys fees and interest.[1] The motion has been fully briefed and the Court is ready to rule.

A defendant who removes a case to federal court bears the burden of proving the jurisdictional prerequisites. Felton v. Greyhound Lines, Inc., 324 F.3d 771, 773 (5th Cir. 2003). Where, as here, the plaintiff's complaint fails to allege a specific amount of damages, the defendant must show by a preponderance of the evidence that the amount in controversy actually exceeds $75,000. A defendant may do so in one of two ways. First, a defendant can establish that it is facially apparent from the plaintiff's complaint that the amount in controversy exceeds § 1332's jurisdictional minimum. Id. Second, the defendant can establish the facts in controversy through the removal petition or by accompanying affidavit. Id.

Defendant's opposition to the motion to remand included copies of plaintiff's complaint in Lewis v. Magnolia Health Care, Inc., CI 2001-1. A comparison of the pleadings in that action with those in this case reveals identical substantive allegations. Defendant also submitted a copy of a settlement agreement disposing of certain of her claims against the defendants in the earlier filed state court action, as well as a final judgment on plaintiff's remaining claims against the defendants in the amount of $1,000,000 following a jury trial. The Court finds these submissions are adequate

---

[1] Plaintiff's motion does not contest defendant's fraudulent joinder allegations.

proof that the amount in controversy exceeds $75,000.

Accordingly, remand is inappropriate unless plaintiff can establish that at the time of removal she was legally bound to accept a lesser sum. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 n. 14 (5th Cir. 1995). In support of her remand motion, plaintiff submitted an affidavit stipulating to a recovery of no more than $75,000. She urges that this post-removal affidavit demonstrates to a legal certainty that the amount in controversy is insufficient to confer jurisdiction based on § 1332.

Post-removal affidavits may be considered by courts only where necessary to clarify the jurisdictional amount in a case where the record is ambiguous in that regard. Marcel v. Pool Co., 5 F.3d 81, 85 (5th Cir. 1993). In the absence of any ambiguity, such affidavits should not be given effect. Id. ("Nothing in ANPAC suggests that stipulations or affidavits–from the plaintiffs, their attorneys, or otherwise–always or even usually should be given effect to defeat removal.") As in Marcel, the Court here concludes that the limited circumstances which would warrant an affidavit clarifying the amount in controversy are not present. Accordingly, plaintiff's post-removal attempt to stipulate to an amount in controversy less than the jurisdictional threshold cannot defeat removal.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion to Remand [10] is not well-taken and should be, and hereby is, DENIED. IT IS FURTHER ORDERED that the stay imposed by the Magistrate Judge pending a ruling on the instant motion is hereby LIFTED. IT IS FURTHER ORDERED that the parties are to contact the assigned magistrate judge concerning the entry of a scheduling conference within ten (10) days of the entry of this Order.

SO ORDERED, this the 20th day of July, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE